# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 14, 2012

No. 11-30722
Summary Calendar

Lyle W. Cayce
Clerk

WORLD FUEL SERVICES, INC., Trading as World Fuel Services,

Plaintiff-Appellant

v.

MAGDALENA GREEN M/V, Official Number 9232462, her engines,
machinery, appurtenances, etc., In Rem,

Defendant-Appellee

MAGDALENA GREEN B.V.,

Claimant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CV-452

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant World Fuel Services, Inc. ("WFS") appeals from the
district court's grant of Defendant-Appellee Magdalena Green, B.V.'s ("Green's")
motion to dismiss/vacate arrest.  We AFFIRM.

---

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in Fifth
Circuit Rule 47.5.4.

No. 11-30722

Green and S.E. Shipping Lines ("SESL") entered in a time charter party for the M/V MAGDALENA GREEN ("MAGDALENA"). Prior to the creation of the charter party, SESL entered into a general fuel purchase agreement with WFS. Pursuant to this agreement, WFS delivered $167,339.68 worth of fuel to the M/V MAGDALENA GREEN. On September 16, 2010, WFS sent an email to SESL stating that "UTA and MAGDALENA GREEN paid today . . ." That same day, SESL responded, "Please find the attached remittance slips. All payments are made. Please re-confirm thanks." WFS then replied, "Thanks - confirmed all paid." WFS also generated a receipt on September 16 confirming the payment, detailing the total paid as $241,520.24, broken down into $74,180.56 for the UTA and $167,339.68 for the MAGDALENA.

On February 23, 2011, WFS filed a verified complaint, *in rem*, for the arrest of the MAGDALENA. WFS alleged that SESL had not timely paid for the fuel supplied to the ship, and the arrest of the MAGDALENA was then perfected.

Green filed a motion on March 14, 2011 to dismiss/vacate the arrest of the MAGDALENA, as well as seeking damages for wrongful arrest of the vessel. Green argued that SESL's payment on September 16, 2010 had extinguished any maritime lien on the MAGDALENA, and that WFS's email confirmation and receipt reflected that all outstanding bills for the MAGDALENA had been satisfied. WFS responded that a provision of the general fuel purchase agreement allowed it to apply payments from SESL to accrued contractual interest and fees from older invoices, leaving the invoice for the MAGDALENA outstanding.

No. 11-30722

The district court held that, under the Federal Maritime Lien Act ("FMLA"), the fuel delivered by WFS to the MAGDALENA constituted a "necessary," such that WFS established a maritime lien on the vessel. *See* 46 U.S.C. § 31342(a)(1) (stating that "a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner . . . has a maritime lien on the vessel"). However, the district court found that, based on the emails between WFS and SESL, as well as the receipt generated by WFS, "it is clear that the debt of the M/V MAGDALENA GREEN was paid, and consequently the lien on the vessel extinguished at the time of arrest." The court denied Green's motion for damages for the wrongful arrest of the MAGDALENA, noting that "[m]aritime law allows damages upon a showing of bad faith, malice, or gross negligence," but that Green had not shown that WFS exhibited bad faith, malice, or gross negligence in seizing the MAGDALENA. WFS then filed a motion for reconsideration, which the district court denied on July 8, 2011. This appeal timely followed.

We review a district court's grant of a motion to dismiss de novo, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks and citation omitted). We review the denial of a motion for reconsideration under Rule 59(e) for abuse of discretion. *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005).

The parties agree that WFS provided a "necessary" to the MAGDALENA, such that it had a lien on the vessel. *See* 46 U.S.C. § 31342(a)(1); *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 556 (5th Cir. 2003). WFS focuses its argument on whether or not it waived its lien. According to WFS, it

No. 11-30722

allocated SESL's payments to accrued interest and fees, not to the MAGDALENA's invoice, and it never waived the lien on the MAGDALENA. However, the issue here is not whether WFS waived its lien, but whether SESL's payment extinguished that lien. As the district court recognized, and the record clearly bears out, after SESL rendered payment, WFS no longer had a lien to waive. While it is true that WFS's General Terms and Conditions governing sales of fuel allow it to allocate payments to overdue invoices first, those same Terms and Conditions state that, when "more than one invoice is past due at the same time, Seller [WFS] shall be entitled, at its sole discretion, to specify the particular invoice to which any subsequent payment shall be applied." Here, the MAGDALENA's invoice was due September 5, and thus one week past due at the time it was paid. By confirming "MAGDALENA GREEN paid today," WFS exercised its discretion to specify the invoice to which SESL's payment would be applied. WFS has the contractual right to allocate payments when they are made, but it does not have the right to then reallocate those payments in a different manner at a later time.

Furthermore, as the district court correctly noted, "the FMLA is premised on the concept that a vessel is a distinct entity, and therefore statutorily liable only for its own debts." *See Equilease Corp. v. M/V Sampson*, 793 F.2d 598, 602 (5th Cir. 1986) (en banc) ("The maritime lien concept thus somewhat personifies a vessel as an entity with potential liabilities independent and apart from the personal liability of its owner."). As such, the MAGDALENA cannot be held liable for other outstanding debts of SESL. Once the MAGDALENA's debt was paid, its liability to WFS was extinguished.

No. 11-30722

A maritime lien "arises when the debt arises, and grants the creditor the right to appropriate the vessel, have it sold, and be repaid *the debt* from the proceeds." *Id*. (emphasis added). Where, as here, the debt is repaid and satisfaction is acknowledged, the lien ceases to exist. *See Mullane v. Chambers*, 438 F.3d 132, 138 (1st Cir. 2006) (noting that after an advance had been repaid, "any maritime lien had been extinguished by satisfaction"); *Maritrend, Inc. v. M/V SEBES*, No. Civ.A. 96-3140, 1997 WL 660614, at *2 (E.D. La. Oct. 23, 1997) (stating that "the contractor acquires a maritime lien against the vessel until payment is satisfied"). SESL sent WFS a payment for the fuel delivery to the MAGDALENA, and WFS confirmed the payment was received and the debt was satisfied. It therefore no longer had a valid lien on the M/V MAGDALENA GREEN, and the district court correctly granted Green's motion to dismiss.[1] Consequently, the judgment of the district court is AFFIRMED.

---

[1] Because the facts support the district court's decision, we also find that the district court did not abuse its discretion in denying WFS's motion for reconsideration.